IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| JEFFERY HADRIAN, THOMAS FLOCK, EFFRAIN HERRERA, RICHARD LESNIEWSKI, HATTIE NICHOLS, SANDRA PONIEWAZ and JEFFREY WATTS, | Civil Action Case No.: 21-CV-219 |
| Plaintiffs, | **COMPLAINT** |
| v. | **JURY DEMAND** |
| ALFONSO MORALES, CITY OF MILWAUKEE and ABC INSURANCE COMPANY, | |
| Defendants. | |

NOW COME the above captioned Plaintiffs, by counsel, Brent D. Nistler, with their Complaint against the above captioned Defendants and allege as follows:

**PRELIMINARY STATEMENT**

1. This is civil rights action under 42 U.S.C. §1983. All Plaintiffs are veteran Milwaukee Police Department ("MPD") Officers, who served their community for decades and collectively provided well over a century of service. They all came out of retirement to serve again as civilian employees for the MPD. Then, one Friday morning, February 22, 2019, then Chief of Milwaukee Police Alfonso Morales abruptly and capriciously terminated 5 of the Plaintiffs from their civilian employment, and capriciously constructively terminated 2 others. These actions were taken in a manner that afforded Plaintiffs' no opportunity to respond, no recourse and no constitutional Due Process. Morales' actions were willful and wanton, and blatantly violated the very written Standard Operating Procedures he held his subordinates to as Chief. These are not merely allegations, but also the conclusions of an independent investigation released in October of

2020. Because these Plaintiffs were unfairly terminated without cause, and without due process, they bring this lawsuit to restore their constitutional rights and their good names.

## PARTIES, JURISDICTION & VENUE

2. Plaintiff Jeffery Hadrian is an adult resident residing in the Eastern District of Wisconsin. He became a sworn MPD officer on Police Aide on January 7, 1980 and was sworn as a Police Officer on or about July 15, 1981. He retired on July 26, 2008 as a detective. He was then appointed as a civilian Police Services Specialist Investigator ("PSSI") for MPD on November 6, 2009.

3. Plaintiff Thomas Flock is an adult resident residing in the Eastern District of Wisconsin. On December 26, 1978 Flock began his career with the MPD as a custodian. He became a sworn MPD officer on October 19, 1981 and a detective in February 1993. He retired as an officer in June 2007 and that same month became a civilian employee for MPD as a PSSI.

4. Plaintiff Effrain Herrera is an adult resident residing in the Eastern District of Wisconsin. He became a sworn MPD officer on October 19, 1981 and retired as an officer in November 5, 2006. He was then appointed as a civilian PSSI for MPD on August 15, 2016.

5. Plaintiff Richard Lesniewski is an adult resident residing in the Eastern District of Wisconsin. He was appointed as an MPD officer in March 1968 and retired on February 15, 1997. He was then appointed as a civilian PSSI for MPD in January 2007.

6. Plaintiff Hattie Nichols is an adult resident residing in the Eastern District of Wisconsin. She became a sworn MPD officer on October 13, 1975 and a detective on December 23, 1990. She retired as an officer on November 22, 2000. She was then appointed as a civilian PSSI for MPD on January 2, 2007.

7. Plaintiff Sandra Poniewaz is an adult resident residing in the Eastern District of Wisconsin. She became a sworn MPD officer on July 20, 1981 and a detective in January 1995. She resigned as an officer on July 21, 2006. She was then appointed as a civilian PSSI for MPD on November 16, 2007.

8. Plaintiff Jeffrey Watts is an adult resident residing in the Eastern District of Wisconsin. On August 15, 1977, Watts began his career with the MPD as a police aide. He became a sworn MPD officer on November 2, 1980 and retired as an officer on February 16, 2006. He was then appointed as a civilian PSSI for MPD in May 2007.

9. Defendant Alfonso Morales is an adult resident residing in the Eastern District of Wisconsin. At all material times he was Chief of MPD.

10. The City of Milwaukee is a defendant to this action as an indemnitor to Alfonso Morales, and pursuant to Wis. Stat. §895.46.

11. ABC Insurance Company, an unknown insurance company at this time, is a defendant to this action as an indemnitor and insurer to Chief Morales and/or the City of Milwaukee.

12. Plaintiffs bring this action under 14th Amendment to the Constitution of the United States of America, and under the Civil Rights Act, Title 42 U.S.C. §1983, and 28 U.S.C. §1343, and pursuant to Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985) to redress the deprivation under color of law of their rights as secured by the Constitution of the United States.

13. This Court has jurisdiction under 28 U.S.C. §1331.

14. Venue is proper in the Eastern District of Wisconsin pursuant to 28 U.S.C. §1391(b) because all parties reside in this District, and the events giving rise to this cause of action all occurred within this District.

## FACTUAL BACKGROUND

15. Each of the Plaintiffs were employed by MPD as civilian investigators from their start dates as noted above until February 22, 2019. They were tasked with performing thorough background checks on a variety of potential City of Milwaukee employees. These checks included independently verifying applicants' responses, investigating applicants' backgrounds, and interviewing applicants' references.

16. On and before February 22, 2019, Plaintiffs were civilian members of the Milwaukee Police Department.

17. As civilian employees of MPD, Plaintiffs are subject to the MPD Standard Operating Procedure ("SOP") 870, attached hereto as Exhibit 1.

18. Exhibit 1 was in full effect as of February 22, 2019.

19. Part of Exhibit 1, SOP 870.25, states that civilian members "facing possible discharge shall follow a due process procedure including notice of charges and an opportunity to respond in writing…to the Chief of Police."

20. On February 22, 2019, all seven Plaintiffs were unexpectedly and abruptly removed from their position at the explicit direction of Alfonso Morales. Plaintiffs Flock and Watts were constructively terminated because they were told that if they did not resign immediately, they would be immediately terminated, so they resigned, having no choice in the matter. The rest of the Plaintiffs were immediately and involuntarily terminated.

21. None of the Plaintiffs were afforded the Due Process Rights guaranteed to them by Exhibit 1. None of them were given any notice of charges and none of them were given an opportunity to respond to the Chief in writing.

4

22. MPD SOP 870.05 states that all MPD discipline shall be based on fairness. Had the Plaintiffs had an opportunity to respond, each and every one of them would have demonstrated that termination was without cause, unfair and therefore in violation of Exhibit 1.

23. The allegations in Paragraphs 15-22 above have been independently verified. In October, 2020, former U.S. Attorney Mel Johnson released an independent investigation, which is attached as Exhibit 2. Exhibit 2 is incorporated herein as to its findings and conclusions and made part of the allegations in this Complaint.

24. After a through investigation, it was and is clear that any allegations attempting to justify the removal of Plaintiffs is without merit, and therefore Plaintiffs' constitutional rights were violated on February 22, 2019.

## COUNT 1
## VIOLATIONS OF THE PLAINTIFFS' CIVIL RIGHTS UNDER 42 U.S.C. §1983

25. Plaintiffs hereby reallege and incorporate by reference as if fully set forth herein each and every allegation contained in paragraph nos. 1 through 24 of this complaint.

26. The Fourteenth Amendment to the United States Constitution provides, in part, protection against governmental actions that deprive an individual of his or her constitutional property rights without fundamental procedural fairness and those that deprive an individual of equal protection of the law.

27. A protected property interest in employment can arise from a state statute, regulation, municipal ordinance, or an express or implied contract—those rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

28. Here, the protected employment (property) interests of Plaintiffs rest in Exhibit 1, SOP 870. It mandates that civilian employees can only be terminated after notice and an

5

opportunity to respond to the chief in writing, and in addition it must be based on standard of fairness.

29. Public employees with property interests in their state jobs must be afforded pre-termination notice of the claims against them, an opportunity to respond to the grounds for their termination and a full post-termination hearing.

30. Morales's decision to terminate Plaintiffs' employment was accomplished under color of law.

31. Morales's decision to terminate Plaintiffs was the product of a constitutionally defective process which included violations of MPD's own SOPs as noted above.

32. By terminating (or constructively terminating) Plaintiffs, Morales violated Plaintiffs' constitutional rights, causing them damages in an amount to be determined at trial, including loss of salary, fringe benefits, health insurance, retirement health and life insurance and other damages, all to Plaintiffs' detriment, in an amount to be determined at trial.

## COUNT 2
## CLAIM FOR PUNITIVE DAMAGES

33. Plaintiffs hereby realleges and reasserts paragraphs 1-32 as if fully set forth herein.

34. That the above-described actions by Morales constitute an intentional disregard for the rights of the Plaintiffs as granted by the United States Constitution, thereby entitling them to punitive damages.

## PRAYER FOR RELIEF

35. Plaintiffs demand the following relief:

    a. Damages in the amount to be determined at trial; including loss of salary, fringe benefits, health insurance, retirement health and life insurance and other damages,

    b. Equitable relief, including Orders restoring Plaintiffs to good standing making them eligible for reinstatement, and Orders giving them the option to reinstate.

    c. Punitive damages in an amount to be determined at trial;

    d. Reasonable costs and attorney's fees;

    e. A jury to try this case;

    f. Any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by a jury of twelve (12).

Dated this 19th day of February, 2021.

**HANSEN REYNOLDS LLC**

/s/ Brent D. Nistler
Brent Nistler (SBN 1033990)
Hansen Reynolds LLC
301 North Broadway, Suite 400
Milwaukee, WI 53202
Ph: 414.763.1147
Fax: 414.273.8476
bnistler@hansenreynolds.com

*Attorneys for Plaintiffs*